UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARL BELLING,

        Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

        Defendant.

CASE NO.   C04-5835RBL

REPORT AND
RECOMMENDATION

Noted for October 7, 2005

     This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

     Plaintiff, Carl Belling, was 43 years of age at the time of the most recent administrative hearing. He graduated from high school and attend college for approximately three years, earning an AA degree in accounting and for a short time he pursued a degree to become a youth pastor. He has past relevant work experience as a cable installer. Plaintiff allegedly injured his back while working as a cable installer in 1991..

     Mr. Belling filed his application for Title II disability benefits on March 30, 1999, alleging an onset date of disability of October 24, 1991 (Tr. 23, 123). His date last insured for Title II disability benefits was December 31, 1996 (Tr. 129). Mr. Belling's application was denied initially and upon reconsideration (Tr.

REPORT AND RECOMMENDATION
Page - 1

1  57, 61, 63). Mr. Belling's first ALJ hearing was conducted by ALJ Schellentrager on October 11, 2000
2  (Tr. 738-83). Witnesses included Mr. Belling and a vocational expert called at the request of the ALJ (Tr.
3  738). On April 20, 2001, ALJ Schellentrager issued an unfavorable decision (Tr. 38-52). Mr. Belling
4  timely filed a Request for Review with the Appeals Council (Tr. 89). On January 15, 2003, the Appeals
5  Council issued its order, vacating the prior ALJ decision and remanding the case to an ALJ (Tr. 53-56).
6  The Appeals Council directed the ALJ to further evaluate Mr. Belling's subjective complaints; to give
7  further consideration to Mr. Belling's residual functional capacity; to obtain evidence from a medical
8  expert to clarify the nature and severity of Mr. Belling's impairments; and if warranted, obtain
9  supplemental evidence from a vocational expert (Tr. 54).

10 On July 15, 2003, Mr. Belling's second ALJ hearing was conducted by ALJ Nichols (Tr. 784-839).
11 Witnesses included Mr. Belling, a medical expert called at the request of the ALJ and a vocational expert
12 called at the request of the ALJ (Tr. 784). On January 27, 2004, ALJ Nichols issued an unfavorable ALJ
13 decision (Tr. 20-35). On November 2, 2004, the Appeals Council issued its Notice of Appeals Council
14 Action, denying the Request for Review (Tr 10-13), making the ALJ Nichols' decision the Commissioner's
15 final decision subject to review by this court..

## DISCUSSION

17 This Court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary
18 applied the proper legal standard and there is substantial evidence in the record as a whole to support the
19 decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant
20 evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales,
21 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla
22 but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
23 Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational
24 interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th
25 Cir. 1984).

**Sequential Evaluation Process**

27 The claimant bears the burden of proving that she is disabled within the meaning of the
28 Social Security Act. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the

1  "inability to engage in any substantial gainful activity by reason of any medically determinable physical or
2  mental impairment which can be expected to result in death or which has lasted, or can be expected to last
3  for a continuous period of not less than twelve months[.]" 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(A); 20
4  C.F.R. §416.905.
5        In evaluating Plaintiff's claim, the ALJ followed the five-step sequential evaluation process for
6  determining whether a claimant is disabled within the meaning of the Social Security regulations. Meanel v.
7  Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §
8  416.920 (2000). The Plaintiff has the burden of proof at steps one through four; at step five the burden
9  shifts to the Commissioner to show that Plaintiff can perform work that exists in significant numbers in the
10 national economy.

11 **Findings of Administrative Law Judge**

12       The ALJ noted that Mr. Belling was insured for disability benefits through December 31, 1996, so
13 he needed to establish disability on or before that date. At step one of the sequential evaluation process,
14 the ALJ found that Mr. Belling had not engaged in substantial gainful activity since his alleged onset date of
15 October 24, 1991. At step two, the ALJ found that, prior to Mr. Belling's date last insured, he had a
16 combination of severe impairments, including back and neck strain/sprain, mild to moderate degenerative
17 disc disease of the cervical and lumbar spine, and fibromyalgia. The ALJ noted that Mr. Belling had
18 undergone testicular surgeries in May, 1992, May, 1993, and July, 1993, but the ALJ found this impairment
19 was nonsevere. The ALJ also noted that the record contained various psychological diagnoses, including
20 somatoform disorder, personality disorder, panic disorder and pain disorder, but the ALJ found no
21 supporting evidence to indicate that these conditions were severe prior to December, 1996. At step three,
22 the ALJ found that Mr. Belling's impairments did not meet or equal any of the Listing of Impairments. At
23 step four, the ALJ found that Mr. Belling's credibility was called into serious question by the overwhelming
24 secondary gain issues in the case. The ALJ found there was no evidence of a longitudinal chronology of
25 medical signs and findings corresponding to the subjectively reported duration and/or severity of Mr.
26 Belling's alleged impairments on or before his date last insured. The ALJ found Mr. Belling's subjective
27 complaints inconsistent with the objective medical evidence, and his demonstrated ability to engage in
28 activities inconsistent with these complaints prior to December, 1996. The ALJ found no substantial

REPORT AND RECOMMENDATION
Page - 3

evidence to support the allegations of severe nonexertional pain which would have significantly diminished Mr. Belling's ability to concentrate. The ALJ found Mr. Belling demonstrated his financial incentive was as much the cause of his not working as were his physical complaints. Also at step four, the ALJ determined Mr. Belling's residual functional capacity. The ALJ found that Mr. Belling had the capacity to perform light work, with additional restriction from constant, repetitive range of motion activities and from any overhead reaching due to back strain/sprain. The ALJ concluded his assessment at step four by finding that Mr. Belling's past work was precluded by his residual functional capacity. At step five, the ALJ relied on the testimony of a vocational expert, who testified that, assuming the residual functional capacity found by the ALJ, Mr. Belling could work as an unskilled, light inspector and as an unskilled, light assembler. Using the Medical-Vocational Guidelines as a framework for his decision, the ALJ concluded that Mr. Belling was not disabled.

Plaintiff alleges the following errors in his opening brief: 1) the ALJ erred in his assessment of Plaintiff's severe impairments; 2) the ALJ erred in his assessment of medical opinions; 3) the ALJ erred in his assessment of Plaintiff's credibility; and 4) the ALJ erred in finding Plaintiff was capable of other employment.

After reviewing the parties' arguments, the administrative record, and the balance of the court record, the undersigned finds the ALJ did not properly consider plaintiff's severe impairments at step-two in the five-step evaluation process. Having made this mistake, it is necessary to remand the matter back to the administration to reconsider plaintiff's severe impairments as well as reevaluating step-three, step-four and step-five, which were necessarily affected by the erroneous finding at step-two.

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting,

1  pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28
2  ("SSR 85-28").  An impairment or combination of impairments can be found "not severe" **only** if the
3  evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to
4  work."  *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR
5  85-28)(emphasis added).

6  Here, the ALJ summarized the above standard, but found no severe psychological impairment.
7  Plaintiff argues the ALJ erred when he found no supporting evidence to indicate that Plaintiff's mental
8  conditions were severe prior to December, 1996.  The record does not support the ALJ's decision.

9  The medical evidence clearly supports a finding of a severe mental impairment.  In 1993, Dr.
10 McBride, who was Mr. Belling's treating psychologist, reported that Mr. Belling was experiencing a
11 conversion disorder or a somatization disorder, as well as a great deal of psychological turmoil,
12 exacerbating his pain and physical problems (Tr. 584, 590).  In December, 1992, a psychiatrist examined
13 Mr. Belling regarding a worker's compensation claim, and formulated a diagnosis of somatiform pain
14 disorder and a mixed personality disorder (Tr. 250).  In June 1996, Dr. Swinehart examined Mr. Belling
15 and diagnosed a panic disorder with some agoraphobic symptoms and a pain disorder associated with both
16 psychological factors and a general medical condition, chronic with acute features (Tr. 355).  Mr. Belling's
17 primary treating physician, Dr. Frankel, reported that she had been treating Mr. Belling since 1993, and that
18 he suffered from a somatoform disorder that met the Listing of Impairments since his work injury of April
19 22, 1991. (Tr. 536).  At the hearing, the medical expert, Dr. Cripe, testified that Mr. Belling suffered from
20 a somatoform disorder and a chronic pain syndrome with a psychological component (Tr 829-831).  State
21 agency medical expert who reviewed the record for the Commissioner found that Mr. Belling suffered from
22 severe mental impairments, assessing his case as an affective disorder, a somatoform disorder and a
23 personality disorder, producing moderate restrictions in the activities of daily living; moderate difficulties in
24 maintaining social functioning; moderate deficiencies of concentration, persistence or pace; and repeated
25 episodes of deterioration or decompensation. (Tr 514-522).

26 Given the above evidence, it was error for the ALJ to find that Mr. Belling's mental impairments
27 were non-severe prior to his date last insured.    The medical evidence noted above provide ample  evidence
28 that plaintiff's alleged mental limitations are more than just a slight abnormality.   This error necessarily

REPORT AND RECOMMENDATION
Page - 5

impacted the ALJ's analysis of the remaining steps in the sequential evaluation process, since the limitations from severe mental impairments were not considered by the ALJ in assessing the combined impairments under the Listing of Impairments or in assessing Mr. Belling's residual functional capacity.

## CONCLUSION

In sum, the court finds the ALJ's finding that Mr. Belling does not suffer from a severe mental impairment at step-two in the evaluation process is based on an erroneous standard and application of the facts. Based on the foregoing discussion, the Court should REMAND the matter for further consideration.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 7, 2005**, as noted in the caption.

DATED this 20th day of September, 2005.

      */s/ J. Kelley Arnold*
      J. Kelley Arnold
      U.S. Magistrate Judge